J. William Savage, OSB 773347
Email: jwsavage@earthlink.net
J. William Savage, P.C.
620 S.W. Fifth Avenue, Suite 1125
Portland, OR 97204
(503) 222-0200
Fax: (503) 248-0200
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| ESTATE OF JAMES EDWARDS RHODES, by and through James Edwards Rhodes, II, Personal Representative,<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | Case No.:<br><br>COMPLAINT<br>Medical Negligence / Federal Tort Claims Act<br>(28 U.S.C. § 2671, *et seq.*) |

Plaintiff alleges:

<u>Allegation of Jurisdiction</u>

1.

This action arises under the Federal Tort Claims Act ("FTCA"), U.S.C., Title 28, § 2671, <u>et seq</u>. This court is vested with jurisdiction pursuant to 28 U.S.C. § 1346(b). The Plaintiff's decedent resided in this district, and died in this district.

/ / / / / /

Page 1 – COMPLAINT (Medical Negligence / Federal Tort Claims Act) 28 U.S.C. § 2671, *et seq.*

2.

On February 12, 2019, a FTCA notice on behalf of plaintiff was received by the Department of Veterans Affairs, Office of Regional Counsel.  By letter dated February 3, 2021, the United States Department of Veterans Affairs denied plaintiff's claim.  In accordance with U.S.C., Title 28, § 2671, *et seq*., plaintiff now brings this action.

<u>Statement of the Case</u>

<u>General Allegations</u>

3.

This claim concerns Plaintiff's decedent James Edward Rhodes ("Mr. Rhodes"), born May 10, 1942, who died on February 16, 2017 in Multnomah County, Oregon.  James Edward Rhodes, II, is the duly appointed personal representative of the Estate of Mr. Rhodes.

4.

On January 30, 2017, Mr. Rhodes was admitted to the VA Medical Center in Portland, Oregon.  .Mr. Rhodes presented with complaints of shortness of breath and weight gain.  He had been taking home meds, torsemide and metolazone as prescribed and adhering to fluid restrictions without success.

From the time of admission ,Mr. Rhodes was diuresed for acute on chronic, decompensated systolic congestive heart heart failure.  He was initially transitioned to IV lasix then placed on a lasix glucose tolerance test with metalazone and home  medications for afterload/contractility.

Acute kidney injury was also noted on admission; it was felt to be cardiorenal and improved with diuresis, returning to near baseline on 2/15.

The plan was to resume home medications as Mr. Rhodes had diuresed nicely. However, hypokalemia remained an issue and scheduled repletion was increased to account for this.

Testing for Mr. Rhodes' potassium levels was performed on daily basis. Mr. Rhodes received adjustments in his potassium and lasix dosing to control his potassium levels.

Then, on 2/16/17 at 00:50 hrs, Mr. Rhodes was noted to have increasing "ectopy" per telemetry. Several EKGs were obtained. A Chem7 and Magnesium were ordered "STAT"; then at 02:01 his potassium level was called with an abnormal value of K+ 7.7 (HIGH),

The plan was then for repeat lab tests to confirm the potassium level.

Mr. Rhodes was then found face down in his room pulseless and unresponsive. A "Code 99" was called. Chest compressions and multiple rounds of IV epinephrine were administered. Mr. Rhodes also received ampules of bicarbonate, calcium, insulin and D50 in hopes of improving K+ shifting intracellulary. Fluids and other measures were administered without return of a pulse or a shockable rhythm.

Mr. Rhodes was declared dead soon thereafter. Upon autopsy examination, the cause of death was listed as hyperkalemia (elevated potassium).

5.

The negligence of defendant as set forth herein was a substantial factor in causing the death of Mr. Rhodes. The negligence of defendants as set forth herein also caused Mr. Rhodes mental and physical pain and suffering, mental anguish, and emotional distress. Mr. Rhodes' death also resulted in the loss of society, companionship and services to his surviving spouse, son and daughter. For this loss, and in accordance with Oregon law, Mr. Rhodes'

estate is entitled to recover noneconomic damages in such amount as may be deemed just and appropriate, not to exceed the sum of $5,000,000.00.

6.

At all material times, defendant owed to Mr. Rhodes the duty to act with reasonable care, skill and diligence in an ordinarily careful manner to prevent harm or injury and to avoid unnecessarily creating or causing harm or injury.

7.

Defendant was negligent in one or more of the following particulars:

(a) Failing to properly manage Mr. Rhodes' potassium levels.

(b) Failing to promptly act upon receiving notice of Mr. Rhodes' markedly elevated potassium level on 2/16/17.

(c) Failing to properly monitor and treat Mr. Rhodes' heart failure condition.

<u>Claim for Relief</u>

8.

Plaintiff seeks economic and noneconomic damages resulting from defendant's negligence in the amount of $5,000,000.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment against the defendant for plaintiff's noneconomic damages, sustained as a result of the negligent acts and/or omissions of the defendant, in the sum of $5,000,000.00;

2. An award of plaintiff's costs and disbursements, as well as prejudgment interest on such elements of the claim and/or damages as the Court determines are susceptible to such an award;

3.  Such other and further relief as the Court deems appropriate.

DATED this 1st day of August, 2021.

                                J. WILLIAM SAVAGE, P.C.

                                By: */s J. William Savage*
                                J. William Savage
                                OSB 773347
                                (503) 222-0200
                                Of attorneys for Plaintiff

<u>Plaintiff's Attorneys</u>
J. William Savage, OSB 773347
J. William Savage, P.C.
620 S.W. Fifth Avenue, #1125
Portland, OR  97204
Phone: (503) 222-0200
Fax: (503) 248-0200
Emails:         jwsavage@earthlink.net

Page 5 – COMPLAINT (Medical Negligence / Federal Tort Claims Act) 28 U.S.C. § 2671, *et seq*.